UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ANN HENDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No.: 1:20-cv-0562 JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412<br><br>(Doc. 22) |

Stuart Barasch, attorney for Plaintiff Patricia Ann Henderson, seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d).  (Doc. 22)  The Commissioner of Social Security has not opposed the motion.  Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof, was not substantially justified.  For the reasons set forth below, the motion for attorney fees under the EAJA is **GRANTED** in the modified amount of **$6,077.28**.

**I.      Background**

In 2017, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act.  (Doc. 11-1 at 19.)  The Social Security Administration denied Plaintiff's applications for benefits at the initial level and upon reconsideration. (*Id.*)  Plaintiff requested an administrative hearing and testified before an ALJ on April 6, 2019. (*Id.* at 19, 42.) The ALJ concluded Plaintiff was not disabled and issued an order denying

benefits on May 30, 2019. (*Id.* at 19-33.) The Appeals Council denied Plaintiff's request for review of the decision on February 19, 2020 (*id.* at 5-7), and the ALJ's determination became the final decision of the Commissioner.

Plaintiff initiated the action before this Court on April 20, 2020, seeking judicial review of the ALJ's decision. (Doc. 1.) The parties exchanged confidential letter briefs, and Plaintiff filed her opening brief on December 10, 2020. (Doc. 16.) On February 8, 2021, the parties filed a stipulation for the matter to be remanded for an ALJ to issue a new decision. (Doc. 19.) Pursuant to the terms of the stipulation, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in favor of Plaintiff on February 9, 2021. (Docs. 20, 21.)

Following the entry of judgment, Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 22.) The Court ordered the Commissioner to file "[a]ny opposition to the motion, or a notice of non-opposition . . . no later than June 9, 2021." (Doc. 23 at 1, emphasis omitted.) To date, the Commissioner has not filed an opposition to the motion or otherwise responded to Plaintiff's request for fees.

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which

shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party.

#### A. Whether Defendant's position was substantially justified

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action must be substantially justified. *Id.* The inquiry into whether the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to the Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). However, the Commissioner does not argue that the administrative decision was

substantially justified. Further, the Commissioner stipulated to a voluntary remand after Plaintiff filed a motion for summary judgment and did not defend the ALJ's determination before this Court. Thus, the Court finds the ALJ's decision was not substantially justified.

### B. Reasonableness of the Fees Requested

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an independent duty to review the evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47.

Mr. Barasch reports that several attorneys with Olinsky Law Group worked on this action, including Mr. Barasch, Howard Olinsky, Edward Wicklund, and Mary McGarigal. (Doc. 22-1 at 3.) Tasks completed by the attorneys and professional staff with Olinsky Law Group include communicating with Plaintiff; reviewing the ALJ's decision and the administrative record that was approximately 650 pages long; drafting Plaintiff's complaint, confidential letter brief, and opening brief; and preparing the request for EAJA fees now pending before the Court. (*See* Doc. 22-2 at 2-3.) According to Mr. Barasch, he and the other attorneys expended 28.3 hours on work related to Plaintiff's appeal, including 27.3 hours in 2020 and 1.0 hour in 2021. (Doc. 22-3 at 2.) In addition, the timesheets indicate eight paralegals with the firm expended 6.7 hours on Plaintiff's appeal. (Doc. 22-4 at 2.)

### 1. Duplicative tasks

The time sheets provided by counsel indicate several duplicated tasks due to the number of individuals who worked on the action. For example, after Mary McGarigal drafted Plaintiff's confidential letter brief, the document was reviewed and approved by Edward Wicklund, who billed 0.6 hours for his review and approval. (*See* Doc. 22-2 at 2.) Stuart Barasch then indicated that he

spent 0.3 reviewing the same letter brief, which he indicates that he reviewed, "finalize[d]," and filed.[1] (*Id.*) Given the duplicative nature of the tasks performed by Mr. Wicklund and Mr. Barasch after the document was drafted by Ms. McGarigal, the Court will deduct 0.9 hours of attorney time. *See Gibson v. City of Chicago*, 873 F.Supp.2d 975, 987 (N.D. Ill. 2012) (eliminating time entries for duplicative tasks); *see also Lang v. Saul*, 2020 WL 4339496 at *4 (E.D. Cal. July 28, 2020) (declining to award time spent on reviewing the documents drafted by others at Olinsky Law Group).

The timesheets also indicate duplicated reviews of the opening brief. Mary McGarigal indicated that she spent 15 hours drafting the opening brief. (Doc. 22-2 at 2.) Mr. Wicklund indicates that he spent 1.0 hour related to a "senior review of the draft brief" and Mr. Barasch also reviewed the brief for 0.3 hours. There is no explanation why the draft brief required two other attorneys to review it prior to filing. Thus, the Court will deduct 1.3 hours of attorney time from the fee award for the duplicative nature of the document review. *See Gibson*, 873 F.Supp.2d at 987.

Finally, the timesheets indicate duplicative efforts related to the motion for EAJA fees now pending before the Court. The firm's records indicate the motion was prepared by a paralegal, after which Mr. Olinksy indicated he reviewed the EAJA timesheets and "Finalize[d] EAJA Narrative." (Doc. 22-3 at 3.) However, after Mr. Olinsky reported he finalized the document, Shannon Peressi and Mr. Barasch also billed 0.7 hour and 0.1 hour respectively, for finalizing the document and review the draft. (*Id.*). Therefore, the Court will deduct 0.8 hour of time from the fee award for the duplicative nature of the document review. *See Saul*, 2020 WL 4339496 at *4.

### 2.   Clerical tasks

The Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable. *See L.H. v. Schwarzenegger,* 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files was clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"). In addition, courts in

---

[1] Notably, the confidential letter briefs exchanged by the parties are not filed with the Court, and Plaintiff did not file her brief. However, Mr. Barasch also indicates there was no charge for the unmade filing. (*See* Doc. 22-2 at 2.)

the Ninth Circuit have determined drafting and preparing documents related to service of process are clerical tasks and reduced the number of hours awarded as fees accordingly.  *See, e.g., Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("drafting letters and preparing documents related to representation and service of process …. could have been completed by experienced support staff"); *Bailey v. Colvin*, 2013 WL 6887158, at *4 (D. Or. Dec. 31, 2013) (denying fees for "service of process" because "the Court may not award fees for clerical work even when the work is performed by attorneys").  Because the timesheets submitted by Plaintiff include 0.6 hours for service of process by Jordan Harcleroad, this time will be deducted from the fee award due to its clerical nature.

      3. Hourly rates

Plaintiff requests "an hourly rate of $207.78 for attorney time in 2020 and 2021" and $125.00 for paralegal time.  (Doc. 22-1 at 2.)  Notably, the attorney hourly rates are consistent with the statutory maximum set by the Ninth Circuit for 2020, and the requested paralegal rate is within the range of accepted rates in the Fresno Division of the Eastern District of California.  *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 15, 2021); *see also Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014) ("The current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience").   Consequently, the Court finds the hourly rates requested are reasonable.

      4. Amount to be awarded

With the deductions set forth above, attorneys with Olinsky Law Group expended a total of 26 hours on compensable work in this action on behalf of Plaintiff.  The paralegals and professional staff expended a total of 5.4 compensable hours this action. The Court finds the total of 31.4 hours to be reasonable in light of the tasks performed by counsel and the professional staff, which resulted in a remand for further proceedings.  Accordingly, Plaintiff is entitled to an award of $**6,077.28**, which includes $5,402.28 for work completed by counsel and $675.00 for work completed by the paralegals.

  **C.** **Expenses**

Plaintiff seeks "expenses in the amount of $17.25 for reimbursement of the service of process expenses." (Doc. 22-1 at 3.)  Significantly, however, the Court granted Plaintiff's request to proceed

*in forma pauperis* in this action and directed the U.S. Marshal "serve a copy of the complaint, summons, and this order upon the defendant." (Doc. 4 at 4.) When a plaintiff proceeds *in forma pauperis* and the U.S. Marshal has been directed to complete service, the plaintiff may not recover expenses related to service. *DeArmon v. Colvin*, 2013 U.S. Dist. LEXIS 137858 at *5 (E.D. Cal. Sept. 25, 2013). Accordingly, Plaintiff's request for expenses is **DENIED**.

### D.     Assignment of the Fee Award

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement she signed. (*See* Doc. 22-1 at 3.) In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See id.*, 560 U.S. at 592-93. Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned her rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff and mailed to her attorney.

### IV.     Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision was not substantially justified, and the Commissioner did not defend it

before this Court. *See* 28 U.S.C. § 2412(d)(2)(H). With the deductions set forth above, Olinsky Law Group expended a total 31.4 hours on compensable work in this action, which is reasonable in light of the tasks performed on Plaintiff's behalf and results achieved. Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees (Doc. 22) is **GRANTED** in part, in the modified amount of **$6,077.28**;
2. Plaintiff's request for expenses is **DENIED**;
3. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Stuart Barasch; and
4. Payment **SHALL** be mailed to Plaintiff's counsel of record, Stuart Barasch.

IT IS SO ORDERED.

Dated: **June 16, 2021**           _/s/ **Jennifer L. Thurston**_
                                          CHIEF UNITED STATES MAGISTRATE JUDGE